**KUSTOFF v. CHAPLIN et al.**

No. 1300–M.

District Court, S. D. California, Central Division.

Jan. 23, 1940.

Michael I. Kustoff, of Los Angeles, Cal., in pro per.

Loyd Wright and Charles E. Millikan, both of Los Angeles, Cal., for defendants.

McCORMICK, District Judge.

The above entitled cause came on regularly for trial in the above entitled court on November 14, 1939, before the Honorable Paul J. McCormick, Judge thereof, without a jury. The plaintiff was personally present in court and acted as his own attorney. The defendants were represented by Loyd Wright and Charles E. Millikan, Esqs., their attorneys. Evidence, both oral and documentary, having been received on behalf of the parties, respectively, and the cause having been argued and submitted to the court for its decision and the court having rendered an oral opinion from the bench, now makes and files its findings of fact and conclusions of law as follows:

Findings of Fact.

I. It is true and the court finds that the plaintiff, Michael I. Kustoff, at all times mentioned in the complaint was and still is a citizen of the United States and a resident of the County of Los Angeles, State of California; that the plaintiff now and for some years past has been engaged as an author and in the business of writing and publishing his books, motion picture scenarios and other literary works.

II. It is true and the court finds that prior to the 16th day of April, 1934, the plaintiff, Michael I. Kustoff, solely and independently conceived, originated, devised, created and wrote a new and original book entitled "Against Gray Walls or Lawyer's Dramatic Escapes". That said book was written as an original and independent undertaking by the said Michael I. Kustoff, the author thereof, and contains a large amount of matter wholly original with the said author thereof and constitutes copyrightable subject matter under the laws of the United States.

III. It is true and the court finds that said Michael I. Kustoff, being the author as aforesaid of the said book never before published in this or any foreign country and being a work copyrightable under the laws of the United States, did on or about the 16th day of April, 1934, secure copyright therefor by publishing said book and offering the same for sale to the general public with the following notice of copyright: "Copyright, 1934, by Michael I. Kustoff, all rights reserved," inscribed upon the page following the title page.

IV. It is true and the court finds that after publication of said book with the said notice of copyright therein, the said Michael I. Kustoff on the 2d day of July, 1934, duly registered his claim of copyright in said book "Against Gray Walls or Lawyer's Dramatic Escapes" by filing an application therefor with the Register of Copyrights, specifying that said book belonged to subdivision (a) of section 5 of the Act of March 4, 1909, 17 U.S.C.A. § 5(a), and on said day deposited with the Register of Copyrights, Washington, D. C., two complete copies of the best edition of said book then published, which were printed from type set within the limits of the United States from the type set therein, and were bound within the limits of the United States, and paid to the Register of Copyrights the fee as required by law.

V. It is true and the court finds that there was thereupon duly issued to plaintiff under the seal of the copyright office and signed by the Register of Copyrights, a certificate of registration, dated and idenfified as follows: July 2, 1934, Class A, No. 74086; that thereby there was secured to plaintiff, his successors and assigns, as provided by law for the first term of twenty-eight years from the aforementioned date of publication, the exclusive rights and privileges in and to the copyright of said book throughout the United States and territories thereof, including the sole liberty and exclusive right to print, reprint, publish, copy and vend the said copyrighted book, to dramatize it, and to exhibit, perform, represent, produce or reproduce it in every manner and by every method, including reproduction as a motion picture photoplay.

VI. It is true and the court finds that since the 16th day of April, 1934, said book, "Against Gray Walls or Lawyer's Dramatic Escapes" has been published by the plaintiff and all copies of the book made by the plaintiff or under his authority or license have been printed and bound as set forth in paragraph VI of the complaint, that is, containing the legend or inscription

which the exhibit in evidence contains, Exhibit 1, to-wit: "Copyright, 1934, by Michael I. Kustoff, printed in the United States of America, all rights reserved."

VII. It is true and the court finds that plaintiff since the time of securing copyright and registering claim thereto as aforesaid, and prior to the alleged infringements as set forth in the complaint, has been and now is the sole proprietor of the entire rights, title and interest in and to the said copyright of said book and of all rights and privileges granted and secured thereby and is entitled to sue for infringement thereof.

VIII. It is true and the court finds that the plaintiff, Michael I. Kustoff, a former Russian Imperial Army officer, wrote said book based upon his experiences in Russia and the United States and presented the material in said book in a manner which he thought would appeal to members of the Communist party in this country and particularly to the Soviet Union of Russia.

The court from the evidence and a fair preponderance thereof finds that Michael Shantzek was not at any of the times mentioned in the complaint or at any other time the agent of defendants Charles Chaplin and Charles Chaplin Film Corporation, or either of them, either in securing or submitting books or scenarios to said defendants or either of them, or in any other manner, shape or form.

The court finds that said Michael Shantzek, after the publication of said book, agreed with plaintiff to submit said book entitled "Against Gray Walls or Lawyer's Dramatic Escapes" to a person whom he, Michael Shantzek, represented had entree and accessibility to Charles Chaplin and Charles Chaplin Film Corporation and that pursuant to said arrangement, plaintiff delivered a copy of said book to said Michael Shantzek, but the court is unable to determine from the evidence as to whether Michael Shantzek delivered said book to any person by whom said book was delivered to Charles Chaplin personally or to any agent, writer or employee of said Charles Chaplin Film Corporation.

IX. That the affirmative evidence of the plaintiff has impeached the credibility of plaintiff's witness, Michael Shantzek, excepting to the extent that said Shantzek testified that he delivered said book to some person, whose name he does not recall and whose identity he is unable to further disclose, and that after an interval of approximately two weeks, such person, if any, stated that the defendants were not interested in the book and would not desire it or in any manner commercially use it in their business or otherwise.

That the defendant Charles Chaplin testified positively that he did not read the book at any time and that the other person whom the evidence shows collaborated with Chaplin in directing and producing the photoplay "Modern Times", to-wit, Carter DeHaven, has not been produced by either party to this action.

X. From the direct evidence the court is unable to find whether or not any of the defendants read or did not read the book "Against Gray Walls or Lawyer's Dramatic Escapes" but that the indirect or circumstantial evidence and inferences to be drawn therefrom indicates that portions of the book, as shown by a comparison of the book with the defendants' motion picture entitled "Modern Times," which said motion picture was viewed by the court, and also as shown by plaintiff's bill of particulars, tend to show access to the book prior to and during the preparation and production of the motion picture, but that such matters indicating access to the said book are not a substantial copying within the decision of Harold Lloyd Corporation v. Witwer, 9 Cir., 65 F.2d 1, of plot, incidents, characters, situations or any copyrighted features of the plaintiff's said book.

The court further finds that the treatment of the philosophy, if any, underlying said book "Against Gray Walls or Lawyer's Dramatic Escapes" and the silent motion picture entitled "Modern Times" is substantially different.

XI. The court finds that subsequent to the contact with said Michael Shantzek by the plaintiff, as hereinabove found, plaintiff offered the book "Against Gray Walls or Lawyer's Dramatic Escapes" to the Communist Party of the United States and also to the Commintern by its secretary in Moscow, Russia, and that receipt thereof was acknowledged through the Post Office Departments of the respective nations; that certain newspapers referred to in paragraph XII of the plaintiff's complaint refused to give said book of plaintiff a book review in said newspapers.

XII. The court finds that there has been no change in the film of the motion picture entitled "Modern Times" since its first pro-

duction and finds that the film as exhibited to and viewed by the court has not been changed since its first exhibition publicly.

XIII. It is true and the court finds in reference to paragraaph XV of the bill of complaint that on or about February 10, 1937, plaintiff sent to the defendant Charles Chaplin a notice in writing, plaintiff's exhibit 17 in evidence, that defendants' said motion picture photoplay "Modern Times" infringed upon the copyright of plaintiff's said book "Against Gray Walls or Lawyer's Dramatic Escapes", and since the receipt of said notice, defendants and each of them have continued to reproduce and distribute for profit said motion picture photoplay "Modern Times."

### Conclusions of Law.

I. From the foregoing findings of fact the court concludes as a matter of law, that under the doctrine and principle announced in the decision in Harold Lloyd Corporation v. Witwer, 9 Cir., 65 F.2d 1, there has been no infringement of the copyright of the plaintiff and that plaintiff is not entitled to the relief sought in his bill of complaint but that upon the contrary and solely for the aforesaid legal reason, he should be dismissed hence and should take nothing by this action, and that neither party should recover costs herein.

Let judgment be entered accordingly.